Allen TAYLOR, Appellant,

v.

PETER KIEWIT AND SONS COMPANY,
a corporation, Appellee.

No. 6056.

United States Court of Appeals
Tenth Circuit.

Oct. 19, 1959.

Charles S. Scott and Samuel C. Jackson, Topeka, Kan., (Elisha Scott and John Scott, Topeka, Kan., on the brief), for appellant.

A. Harry Crane and Arthur L. Claussen, Topeka, Kan., for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff Taylor, a Negro, sued appellee-defendant Kiewit alleging that he was wrongfully discharged from his job as a cement finisher because of his race and color. The judgment below was for the defendant.

Kiewit was engaged in the construction business and had a contract with the Veterans Administration, an agency of the United States Government, to construct hospital buildings at Topeka, Kansas. Taylor was a member of the Operative Plasterers and Cement Masons International Association, Local Union No. 44. The union had a contract with the Associated General Contractors of Topeka, of which Kiewit was a member, covering the relationships between the union members and the signatory contractors. Except for situations not pertinent here, the contractors agreed to obtain workmen through the union and the union agreed to furnish competent workmen. The contractors had the right to discharge unsatisfactory employees, to determine the number of men to be employed, to assign employees to work, and to reduce the work force.

Pursuant to a request by Kiewit, the union sent Taylor to the job to work as a cement finisher. He worked on May 1, 1956, and continuously from May 4, 1956, to November 9, 1956, when he was laid off. Thereafter the union did not resubmit his name to Kiewit for re-employment.

On this construction job there were three types of cement finishing, viz.: rough slab, grinding and patching, and fine cement finishing. Taylor's rough slab work was satisfactory but a government inspector refused to accept his fine finishing and required his removal from that kind of work. Cement work is seasonal and when done in cold weather requires the use of heaters. In November, Kiewit was short of heaters and determined to reduce its force of cement finishers. A cement finisher of the white race was laid off on the same day as Taylor. At the time there were nine cement finishers on the job. Within the next few weeks all were laid off but four, of whom three had been foremen and one was a union steward.

The company records showed that from the start of the job until the layoff of Taylor 13.3% of the cement finishers were colored and that for the entire duration of the contract 18.1% were colored.

The contract between Kiewit and the Veterans Administration contained the nondiscrimination clause required by Executive Order No. 10557 [1] and signs reciting that clause were posted on the construction premises.

Taylor filed a written complaint with the international union that the local union had discriminated against him by refusing to resubmit his name to Kiewit for work as a cement finisher. The union conducted an investigation and denied the complaint.

Witnesses for Taylor testified that he was a qualified journeyman cement finisher who did satisfactory work. Testimony for Kiewit was that Taylor's fine finishing work was not satisfactory. Kiewit's supervisors stated that the fact that Taylor was colored had nothing to do with his layoff. Taylor testified that he complained to the general foreman and that the foreman told him that he was lucky to have been there as long as he had been.

After a full trial on the merits the court found:

"That plaintiff Allen Taylor was not laid off because of his color but because of a reduction of force coupled with the fact that other em-

[1]. 41 U.S.C.A. note preceding section 1.

ployees of defendant could do the type of work then required better than he could."

There is adequate evidence to sustain this finding. It is not clearly erroneous and consequently will not be disturbed on appeal.[2]

Taylor says that his discharge was on account of his race and color and hence discriminatory in violation of the Fourteenth Amendment, the Civil Rights Act,[3] and Executive Order No. 10557 requiring a nondiscrimination provision in federal contracts. As the record shows, and the trial court found, that there was no discrimination it is unnecessary to consider the right of Taylor to maintain an action on any of the grounds asserted.

Affirmed.

---

**2.** Standard Oil Company v. Standard Oil Company, 10 Cir., 252 F.2d 65, 72.

